STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-811

KEN COMER AUCTIONEERS, INC.,
D/B/A HARVEST MOTORS

VERSUS

THERESA ANN HARMON &
GOAUTO INSURANCE COMPANY

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2017-749
HONORABLE SHARON D. WILSON, DISTRICT JUDGE

**********

**CANDYCE G. PERRET**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Candyce G. Perret, Judges.

**AFFIRMED.**

**Robert C. McCorquodale**
**Stutes and Lavergne, LLC**
**600 Broad Street**
**Lake Charles, LA   70601**
**(337) 433-0022**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **Ken Comer Auctioneers, Inc., D/B/A Harvest Motors**

**Hoai T. Hoang**
**Voorhies & Labbe**
**700 St. John, 5th Floor**
**Lafayette, LA   70501**
**(337) 232-9700**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **GoAuto Insurance Company**

**Jason W. Burge**
**Elizabeth Blair Schilling**
**Fishman Haygood, LLP**
**201 St. Charles Avenue, 46th Floor**
**New Orleans, LA   70170-4600**
**(504) 586-5252**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **GoAuto Insurance Company**

**PERRET, Judge.**

In this insurance dispute, GoAuto Insurance Company ("GoAuto") appeals a June 12, 2019 judgment granting Ken Comer Auctioneers, Inc., d/b/a Harvest Motors', ("Harvest Motors") Motion for Partial Summary Judgment on the issue of coverage.[1] For the following reasons, we affirm.

**FACTS:**

This case involves a dispute over insurance coverage for property damage resulting from an automobile accident that occurred in Lake Charles, Louisiana, on March 22, 2016. The vehicle at issue is a 2009 Nissan Altima that Theresa Harmon leased through a rental purchase agreement with Harvest Motors, which provided financing for the purchase. Ms. Harmon purchased collision coverage from GoAuto, and Harvest Motors was named as an additional insured under the lienholder designation on the policy. Also, the policy contained an exclusion provision/endorsement naming Ms. Harmon's daughter, Jermika Mayne ("Jermika"), as an excluded driver. On the day of the automobile accident, Jermika was driving the Nissan Altima despite being an excluded driver. As such, GoAuto denied coverage for the accident based on the named driver exclusion provision in Ms. Harmon's policy. Thereafter, on February 23, 2017, Harvest Motors filed this lawsuit against Ms. Harmon and GoAuto, seeking to recover for property damage caused to the Nissan Altima, as well as damages, penalties, and costs.

On August 24, 2017, GoAuto filed a Motion for Summary Judgment, asserting that the claims against it should be dismissed because the insurance coverage provided to Ms. Harmon specifically excluded Jermika as a driver and thus, there was no coverage at the time of the accident. In opposition to the motion,

---

[1] On July 26, 2019, the trial court signed an amended judgment indicating that the trial court's June 12, 2019 ruling was intended "to be a final and appealable judgment as described in Article 1915 of the Code of Civil Procedure."

Harvest Motors argued that it, as the additional insured, was never notified by GoAuto that the coverage associated with the policy was limited by an excluded driver or that "Jermika Mayne" was listed as an excluded driver on the policy prior to the accident. Further, Harvest Motors argued that there is no evidence that any insured under the policy allowed Jermika to drive the vehicle on the day of the accident. Following a hearing held on November 28, 2017, the trial court denied GoAuto's Motion for Summary Judgment. On May 25, 2018, this court denied writs on that ruling.

On April 9, 2019, Harvest Motors filed a Motion for Partial Summary Judgment, arguing that GoAuto's insurance policy provided coverage to it as the additional insured/lienholder and that there are no genuine issues of material fact in dispute. In opposition, GoAuto argued, again, that because Jermika was driving the car at the time of the accident, coverage is excluded because the insurance policy specifically lists her as an excluded driver.

At the hearing on the Partial Motion for Summary Judgment, Harvest Motors argued that it is not a "named insured" because it is not listed in the section for named insureds in the policy issued by GoAuto to Ms. Harmon. Rather, Harvest Motors argued that it is listed in a different section of the policy as an additional insured/lienholder. Harvest Motors argued that the policy fails to explain if and how the "named insured" and "additional insured" are to be treated differently in situations in which the named excluded driver drives the vehicle and causes damage. Harvest Motors maintained that because GoAuto left that issue open for interpretation, the interpretation of that issue must be resolved against GoAuto and in favor of coverage.

GoAuto argued at the hearing that "Louisiana law focuses on the bargain that's reached between the insured and the insurance company" and that Ms.

2

Harmon expressly excluded coverage for Jermika in exchange for a discounted premium. GoAuto argued that if it has to pay Harvest Motors "as the lien holder for the very risks that [it] agreed not to take, [it has] lost that bargain entirely." GoAuto argued that Harvest Motors is limited by the insurance coverage Ms. Harmon purchased because it did not directly enter into any contract with it for insurance coverage and did not pay any additional premium to it.

After a hearing on May 30, 2019, the trial court granted Harvest Motors' Partial Motion for Summary Judgment. In its judgment, the trial court stated, in pertinent part:

> There is no dispute that [Harvest Motors] was an insured under the policy. The issue before the Court is whether or not the exclusion to coverage relied upon by GoAuto Insurance Company was intended to apply to the Additional Insured/Lienholder, which in this case was [Harvest Motors].
>
> After having reviewed the briefs submitted and considered the arguments made, this Court finds that it is unclear and vague whether or not the exclusion from coverage relied upon by GoAuto Insurance was intended to apply to the additional insured/lienholder.
>
> Under these peculiar facts, the Court finds that it must interpret the contract in favor of coverage.

GoAuto now appeals this judgment, alleging the following sole assignment of error:

> The district court's granting of summary judgment on coverage in favor of [Harvest Motors] was contrary to the terms of the Named Driver Exclusion Endorsement, was contrary to Louisiana statutes providing that such exclusion is enforceable, was contrary to this Court's prior decision in *Thibeaux* [*v. GoAuto Insurance Co.*, 18-333 (La.App. 3 Cir. 3/27/19) 269 So.3d 843], and was error.

3

**STANDARD OF REVIEW:**

This court reviews a trial court's granting of a motion for summary judgment de novo. *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544. Under this standard of review, the appellate court uses the same criteria as the trial court in determining if summary judgment is appropriate: whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Id.* Additionally, the "[i]nterpretation of an insurance policy ordinarily involves a legal question that can be properly resolved by a motion for summary judgment." *Bernard v. Ellis,* 11-2377, p. 9 (La. 7/2/12), 111 So.3d 995, 1002.

**DISCUSSION:**

In *Bernard,* 111 So.3d at 1002 (citations omitted), the Louisiana Supreme Court provided the following guidelines for interpreting insurance contracts:

> An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Civil Code. An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Absent a conflict with statutory provisions or public policy, insurers, like other individuals, are entitled to limit their liability and to impose and to enforce reasonable conditions upon the policy obligations they contractually assume. If the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written. When the language of an insurance policy is clear, courts lack the authority to change or alter its terms under the guise of interpretation. A court should only grant the motion for summary judgment when the facts are taken into account and it is clear that the provisions of the insurance policy [do or] do not afford coverage.

Louisiana jurisprudence also holds that "[e]xclusionary provisions in insurance contracts are strictly construed against the insurer, and any ambiguity is construed in favor of the insured." *Ledbetter v. Concord Gen. Corp.*, 95-809, p. 4 (La. 1/6/96), 665 So.2d 1166, 1169, *amended on other grounds*, 95-809 (La. 4/18/96), 671 So.2d 915. Further, "an ambiguity exists in an insurance policy when the pertinent

provision can reasonably be construed in two different ways." *McCarthy v. Berman*, 95-1456, p. 8 (La. 2/28/96), 668 So.2d 721, 726.

In this case, the declarations page lists Ms. Harmon as an insured and lists Harvest Motors as an additional insured/lien holder. The policy also contains a Named Driver Exclusion Endorsement that states, in pertinent part (emphasis in original):

> In consideration of the premium charged, **the Named Insured** agrees that no coverage provided by the Company is afforded while any vehicle listed on this policy is being used, driven, operated or manipulated by, or under the care of:
>
> Jermika Mayne[.]
>
> . . . .
>
> The **Named Insured** further agrees that in the event the Company becomes obligated to pay any sum or sums of money because of loss for which there would otherwise have been no coverage based on this endorsement because of any interest of any lienholder or any other additional interest, the **Named Insured** shall reimburse the Company for any and all sums, costs and expenses paid or incurred by the Company.

The pertinent provision in the automobile liability insurance policy that excludes coverage further states, in pertinent part (emphasis in original):

> There is no coverage for Damage to **Your** Auto for:
>
> 1. Arising out of the operation or use of any **auto** insured under Parts D, E, F and/or G by a **named excluded operator.**

Because the parties argue over the word "Your," as used in the above exclusion, it is necessary to provide the following definitions as stated in the policy:

> 2. The words "**you**" and "**your**" refer to the **person** named on the declarations page and that **person's** spouse if living in the same household.
>
> 3. The words "**person**" or "**persons**" refers to a natural person and not any other entity.
>
> . . . .

5

21. "**Named Insured**" means the **person** or **persons** listed as a **named insured** on the declarations page of this Policy.

On appeal, GoAuto argues that the policy states explicitly that "no coverage provided by the Company is afforded while any vehicle listed on this policy is being used, driven, operated or manipulated by, or under the care of: Jermika Mayne." Thus, GoAuto argues that the named driver exclusion was clear and unambiguous and that the "policy expressly provided that it did not cover damage to the 2009 Nissan Altima caused by Jermika."

In support of its argument, GoAuto cites to *Thibeaux*, 269 So.3d 843, for the proposition that a named driver exclusion endorsement bars insurance coverage of any kind under a first party collision insurance policy for an accident caused by a named excluded driver. GoAuto argues that this court, in *Thibeaux,* specifically found that the named driver exclusion endorsement barred collision coverage for damage caused by the named insured's teenage son in a single vehicle accident, even though he took the car without the named insured's permission.[2]

GoAuto also cites to La.R.S. 32:900(L) to support its argument that Louisiana law permits the parties to expressly exclude coverage for certain named drivers in exchange for a discounted premium for the named insured. Louisiana Revised Statues 32:900(L) provides:

> (1) Notwithstanding the provisions of Paragraph (B)(2) of this Section, an insurer and an insured may by written agreement exclude from coverage the named insured and the spouse of the named insured. The insurer and an insured may also exclude from coverage any other named person who is a resident of the same household as the named insured at the time that the written agreement is entered into, and the exclusion shall be effective, regardless of whether the excluded person continues to remain a resident of the same household subsequent to the

---

[2] In *Thibeaux*, the mother had executed a named driver exclusion for her son, who later took her car without her permission or knowledge and wrecked it. This court found "that the named driver exclusion . . . is clear and unambiguous" and held that the named driver exclusion precluded the mother's recovery under the collision coverage policy. 269 So.3d at 848.

execution of the written agreement. It shall not be necessary for the person being excluded from coverage to execute or be a party to the written agreement. For the purposes of this Subsection, the term "named insured" means the applicant for the policy of insurance issued by the insurer.

GoAuto argues that because La.R.S. 32:900(L) sanctions named driver exclusion provisions, such as the one included in the policy it issued to Ms. Harmon, the exclusion provision is enforceable. Further, GoAuto maintains that the exclusionary provision is also enforceable against a lienholder like Harvest Motors, which is listed as an additional insured under the policy that GoAuto issued to Ms. Harmon. GoAuto notes that even though Harvest Motors did not directly enter into any contract with it for insurance coverage and did not pay any additional premium to it, Harvest Motors relied on Ms. Harmon to contract with it for insurance. Thus, GoAuto argues that Harvest Motors is limited to the insurance coverage that Ms. Harmon purchased.

In its appellee brief, Harvest Motors responds that only Ms. Harmon, the named insured, violated the policy by allowing the excluded driver to use the vehicle and that nowhere in the policy does it dictate that the additional insured's coverage can be limited by the actions of the primary insured. Harvest Motors also argues that the wording of the policy indicates that the exclusion provision does not apply to it. Specifically, Harvest Motors argues that in order for a party to be considered a "your" as defined by the policy and referred to in the exclusion provision, the party would have to be named on the declarations page **and** would have to be a natural person. Although Harvest Motors is listed as an additional insured on the declarations page, it argues that it, as a juridical entity, does not satisfy the requirement of being a natural person.

Additionally, Harvest Motors asserts that GoAuto's policy treats an additional insured differently from a named insured as evidenced by the section of the Named

Driver Exclusion Endorsement, which, as stated previously, reads (emphasis in original):

> The **Named Insured** further agrees that in the event the Company becomes obligated to pay any sum or sums of money because of loss for which there would otherwise have been no coverage based on this endorsement because of any interest of any lienholder or any additional interest, the **Named Insured** shall reimburse Company for any and all sums, costs and expenses paid or incurred by the Company.

Harvest Motors argues that GoAuto included this provision under the Named Driver Exclusion Endorsement because it was aware of the possibility of having to pay a claim by an additional insured/lienholder for damages caused if in fact the named insured permitted the excluded driver to use the vehicle and because GoAuto wanted to make sure that the named insured would reimburse it in such situations.

We first note that we find no merit to GoAuto's argument that *Thibeaux* is relevant to the facts of this case. In *Thibeaux*, the issue before this court was whether the named driver exclusion barred coverage when the insured's son, the excluded driver, had stolen and used the car. This court did not address the issue that is presently before this court, which is whether the named driver exclusion in the policy bars coverage to an additional insured/lienholder who had no notice by the insurer that the insured had a named driver exclusion in the policy.

After reviewing the policy, we find that it clearly lists Harvest Motors as a "Lienholder/Additional Insured" and is listed in a different section of the policy to where Ms. Harmon, the insured, is listed. We also find merit to Harvest Motors' argument that the policy fails to explain if and how the "named insured" and "additional insured" are to be treated in situations in which the named excluded driver drives the vehicle and causes damage. Even though Louisiana law permits the parties to expressly exclude coverage for certain named drivers in exchange for a discounted premium for the named insured, we find that the reimbursement

8

provision in this policy, which obligates the named insured to reimburse GoAuto for any amount that GoAuto may have to pay to the additional insured/lienholder for damage caused by the named excluded driver, creates ambiguity as to whether GoAuto intended to treat the insured differently than the additional insured/lineholder. Because an ambiguous contractual provision, such as this reimbursement provision, is generally construed against the insurer and in favor or coverage, we find no legal error in the trial court's ruling "to interpret the contract in favor of coverage."

For these reasons, we affirm the judgment of the trial court that granted Harvest Motors' Motion for Partial Summary Judgment on the issue of coverage. All costs of this appeal are assessed to GoAuto.

**AFFIRMED.**